UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AMBROCIO HERRERA, | Case No. 2:23-cv-01569-RFB-NJK |
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| NDOC, *et al.*, | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff Ambrocio Herrera brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. ECF No. 1-1. On July 8, 2024, this Court found that Herrera alleged colorable claims, but only named Doe Defendants in his complaint. ECF No. 3. The Court ordered Herrera to file a motion to substitute the Doe Defendants with the true name(s) of at least one John Doe Kitchen Sergeant, John Doe Warden, John Doe Case Worker, and John Doe Officer by September 6, 2024. Id. at 8-10. The Court warned Herrera that the action could be dismissed if he failed to file a motion to substitute or a timely motion to extend by that deadline. Id. at 9-10. That deadline expired and Herrera did not file motion to substitute, move for an extension, or otherwise respond.

## II.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to

comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v.

U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

order). In determining whether to dismiss an action on one of these grounds, the Court must

consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re

Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone,

833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the

Court's interest in managing its docket, weigh in favor of dismissing Herrera's claims. The third

factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption

of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the

court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The

fourth factor—the public policy favoring disposition of cases on their merits—is greatly

outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be

used to correct the party's failure that brought about the Court's need to consider dismissal. See

Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less

drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor);

accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the

persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic

alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the

"initial granting of leave to amend coupled with the warning of dismissal for failure to

comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of

dismissal before finally dismissing a case, but must explore possible and meaningful

alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action

cannot realistically proceed until and unless Herrera files motion to substitute Doe Defendants,

the only alternative is to enter a second order setting another deadline. But the reality of

repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Herrera needs additional time or evidence that he did not receive the Court's screening order. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

**III.     CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Herrera's failure to file a motion to substitute Doe Defendants in compliance with this Court's July 8, 2024, Order. The Clerk of Court is directed to enter judgment accordingly and close this case.

The Plaintiff may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, the Plaintiff would need to explain what circumstances led to his failure to file a motion to substitute Doe Defendants as directed by the Court. If the Court finds there is good cause or a reasonable explanation for this failure, the Court will reopen the case and vacate the judgment.

It is further ordered that the application to proceed *in forma pauperis* (ECF Nos. 1) is denied as moot.

DATED: <u>October 23, 2024</u>

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE